PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ALICE M. TRAYLOR,               ) | |
|                                 ) | CASE NO. 5:17VCV0602 |
| Plaintiff,                      ) | |
|                                 ) | |
| v.                              ) | JUDGE BENITA Y. PEARSON |
|                                 ) | |
|                                 ) | |
| AMHA, *et al.*,                 ) | |
|                                 ) | **MEMORANDUM OF OPINION AND** |
| Defendants.                     ) | **ORDER** [Resolving ECF Nos. 2 and 3] |

*Pro se* Plaintiff Alice Traylor filed this action against the Akron Metropolitan Housing Authority ("AMHA"), AMHA Director Anthony Oleary, and AMHA Employee Linda Schnitzer. In the Complaint (ECF No. 1), Plaintiff alleges that Defendants have been slow to respond to her housing complaints. She states she is bringing a discrimination claim. ECF No. 1 at PageID #: 5. Plaintiff seeks relief in the form of relocation to different housing and monetary damages. *Id.* at PageID #: 6.

Plaintiff also filed an Application to Proceed *In Forma Pauperis* (ECF No. 2) and a Motion for Protective Order (ECF No. 3).

**I. Background**

Plaintiff contends that in 2012, she and her grandson lived in an AMHA apartment. The tenants above her were loud. She states they also rubbed her car with Jell-O pudding and poured water on her patio furniture. Plaintiff complained to AMHA authorities and they recommended

(5:17VCV0602)

she move to a townhouse. But, Plaintiff was reluctant to do so because she could not afford to hire movers. She claims that once AMHA agreed to move her, she agreed to the move and relocated to the townhouse on December 7, 2012. Plaintiff complains that some of her furniture and appliances were damaged by the movers and AMHA would not replace the damaged items. She also claims the carpet was dirty and needed to be replaced. Defendants have not replaced it. Plaintiff alleges laminate flooring contains carcinogens, so it is possible the Defendants suggested replacing the carpet with laminate flooring. She indicates she is asserting a claim of discrimination.

## II. Standard for Dismissal

Although *pro se* pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it is frivolous or malicious, fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

In order to state a claim on which relief may be granted, a *pro se* complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See* Hill v. Lappin,, 470-71 (6th Cir. 2010) (holding that the dismissal standard articulated in Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), governs dismissals for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)). The factual allegations in the pleading "must be enough to raise a right to relief above the speculative level . .

(5:17VCV0602)

. on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.

### III. Law and Analysis

Plaintiff asserts, without much explanation, that she was the victim of discrimination. The Court is aware that, at this stage, she is not required to plead her discrimination claim with heightened specificity. See *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513-14 (2002). Nevertheless, the Supreme Court clarified that a Plaintiff must still provide "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678. Even though a Complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegation in the Complaint are true." *New Albany Tractor v. Lousiville Tractor*, 650 F.3d 1046, 1051 (6th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

Plaintiff's Complaint never rises above the speculative level. The Court is left to guess at the alleged basis for discrimination (race, age, gender, national origin) and why she thinks she was treated differently than others who are not in this classification. This is not sufficient to cross the threshold of basic pleading requirements in federal court. See Fed. R. Civ. P. 8 (a Complaint must provide "a short and plain statement of the claim" made by "simple, concise, and direct allegations."); *see also Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987) (legal conclusions alone are not sufficient to present a valid claim, and court is not required to accept unwarranted factual inferences). Without more than a conclusory statement

(5:17VCV0602)

suggesting the possibility of discrimination, Plaintiff's Complaint fails to state a federal claim for relief.

## IV. Conclusion

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* ([ECF No. 2](#)) is granted, and this action is dismissed pursuant to [28 U.S.C. §1915(e)](#). Because this action is dismissed, Plaintiff's Motion for Protective Order ([ECF No. 3](#)) is denied as moot or otherwise not actionable. The Court certifies, pursuant to [28 U.S.C. § 1915(a)(3)](#), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

| | |
|---|---|
| June 30, 2017 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |